The next case or cases are, of course, linked. One is the Nevada State Engineer case, and the other one is the ORR Ditch case. The first one is ruling 547. Let me make sure I've got that one right. Now, is 547, is that the ORR Ditch? Yeah, okay. And the clerk's office has set us up 10 minutes a side for the first go around and 15 minutes per side for the second go around. The issues obviously overlap to a very considerable extent. Why don't you sit down so you don't have to be setting up at the same time you're listening to me. Sorry. My guess is that we will be covering many of the same issues. And so what I think we should do here this morning, let's give 15 minutes aside to the ORR Ditch case. But I'm not going to be particularly fastidious about how many actual minutes given the overlap. So let's do 15 minutes, and that will help you a little bit as you try to divide your arguments. I understand there are three of you who want to argue in response. The one thing I want to make sure everybody understands, you all get a chance to say what you need to say. So let's start out 15 minutes with ORR Ditch and see what happens. Thank you, Your Honor. May it please the Court, I'm Don Springmeyer representing the Pyramid Lake Paiute Tribe. And we have done a little bit of background work with counsel for the cross-appellant in the 5747 ORR Ditch case to try to simplify how we present this to the Court. Good. And that will result in me arguing for jurisdiction and everyone else arguing against jurisdiction, and we're eliminating the cross-appeal issue by the following statement by me, which is that the tribe did not protest the applications of TRCC, which is the cross-appellant in this case, and did not appear at the hearing on those applications and did not present evidence with respect to the facts presented in support of the TRCC applications. So that one, in other words, is not now before us. That's the purport of your concession. Yes. The problem is that the ruling sweeps a whole bunch of chickens into the hen house, and so all we are permitted to do is appeal the ruling, not portions of it, and that's how we end up in this situation. Okay. But that sorts it out a little bit. Thank you. So the way we are proceeding is my argument attacking the refusal to take jurisdiction and everyone else supporting it. So the centerpiece of both of these questions really is Judge George ruling that there's no jurisdiction. Exactly correct, yes. Now, there are slight differences in the phraseology of both what the state engineer says in the Ordich ruling and what he says in the Carson River, the Alpine Decree ruling, and there are slight differences in what Judge George says in his orders in each case. So I'll start with the Ordich, since that's the case you called first, and I would urge the court that we have two levels of legal error here, and they are simple but sweeping and both absolutely wrong, and if they stand, it creates a terrible precedent for the protection of the surface water right holders on both the Truckee River under the Ordich Decree and the Carson River under the Alpine Decree. And as this court knows, because I believe all three judges have been involved in appeals relating to the continuing jurisdiction of the decree courts, I think going back as far, Judge Hall, as 1989, and both Judge Fletcher and Judge Perez, I think, on the Alpine Decree as well as the Ordich Decree in the 2000 vintage, the continuing and exclusive jurisdiction of the decree courts is required to enforce and protect the rights it establishes in its decrees, and the key problem here is that the state engineer, turning to ruling 5747, not only ignores but actively refuses to follow the clear and binding precedent of the Nevada Supreme Court and the U.S. Supreme Court as well as the rulings of his predecessors, and he says, and I quote from the ruling, Now, I know that passage. What page are you on? I just want to make sure I'm following. That is page 27 of the ruling, Your Honor, and that is just wrong, and the state engineer makes. But that's not the basis. I mean, that's not the basis for your assertion that the federal court should have taken jurisdiction. Well, as I say, it's. If the state engineer's understanding of Nevada law is incorrect, why isn't that correctable through the Nevada state courts? Because the assertion of the tribe is that its federally decreed surface water rights are harmed by that legal. No, no, no. You just read us a passage, and you said, and part of that, or right before that, you said that the state engineer did not follow Nevada law or the rulings of his prior state engineers or the Nevada Supreme Court, and his assessment with regard to that passage you just read. And my only question to you is, why isn't that correctable through the state? If he made a legal error, why isn't that correctable through the state court system? I also said the United States Supreme Court, which is the Capert decision. And the key issue for the tribe is that a legal error, which impacts its federally decreed water rights, should be correctable by the federal court. Let me ask you this. In the jurisprudence of the Nevada courts, do they recognize that allocation, let's say, since we're dealing with groundwater here, or even surface, unallocated surface water? Do they acknowledge in their jurisprudence that to the extent any such allocations by Nevada, that they have to take account of how those allocations might affect federally allocations under the federal decrees? I believe the Griffin case stands for exactly that proposition, the Nevada Supreme Court saying that groundwater appropriations may not diminish federally decreed surface water, but that is an appropriate precedent for the state engineer to act upon, and an appropriate precedent for the federal court to use in enforcing its jurisdiction over those very federally decreed surface rights. Well, so you know you're, you're. What is the law? You're, you're, you're, this is all becoming intertwined. It is, Your Honor. Now, one of the things that troubled the district court was that there has been a pretty, pretty fine line. The federal decrees relate to surface water, all allocations with the surface water of the, of the pertinent rivers that we're talking about. For many and all sources, the decrees. And the state has dealt with groundwater, an unallocated surface water. Yes, but it is the harm claimed by the state granting a groundwater right if that harm injures a federally decreed surface water right that is the first job won of the federal district court who entered the decree to protect. Okay. Now, you don't actually allege here that these, that these groundwater, new groundwater allocations in the Ore Ditch situation actually impair your, the rights that have been allocated under the decrees. We do. Well, no, you say they could potentially. No, Your Honor. Well, that's what I read in your brief. Well, that is because we're here on jurisdiction only. If we go back, as I hope, and go into the merits at some point, there is specific expert witness testimony in the state engineer's record on appeal in which the expert witness for the tribe says these will impair the flow in the river which will harm the lake and the fish and the rights of the tribe. Let me follow along with the line of Judge Pius's questions. Assume for the purposes of my question that I agree with your position that to the degree that groundwater allocations diminish the decreed rights of the tribe, which they have coming out of the Truckee River. Yes. The most senior rights coming out of it. To the degree that groundwater allocations diminish those rights, that I think the federal court has jurisdiction to protect the tribe against that diminution. Okay. Okay. How do we write the jurisdictional holding so that we don't get every darn groundwater allocation decision coming into the federal court on appeal because of some bare possibility that there might be an effect in a particularly dry year or maybe just maybe the state engineer got it a little bit wrong? I mean, how do we keep only the question in front of the district judge where there is a plausible or serious question of diminution of the decreed rights and we keep all the other cases in state court because there's really no serious question about it? Write the opinion that says that. What are the words? You attribute much too much skill to me, Your Honor. Well, if we agree with you, we're going to have to write something like that. I hope so. And the problem is that the statements by both the district court and the state engineer are so sweeping that they cover. I understand that, too. So I'm asking you, how would you state it? I would state it first to say that the federal district decree court has jurisdiction to look at a claim that there has been a harm to the federally decreed surface water rights that it protects. And if the state engineer also is instructed to follow the law and recognize the impact of groundwater appropriations on surface water rights, then we have two levels of protection. First, the state engineer is instructed to follow the law. If he then makes factual determinations in aid of that correct legal conclusion, those are entitled to the extraordinary deference of the administrative agency on review. All of that protects the federal district court and the Ninth Circuit from dealing with nuisance issues in this respect. If you, the Ninth Circuit, only go to level one, that being the federal court has jurisdiction to look at claims of harm to the surface water rights it decreed, that still leaves behind it the issue of the state engineer following the law. If you deal with both, I would suggest that opinion would constrain the circumstances under which there would be the tidal wave of litigation paraded. That all sounds terrific. Now, write the opinion for me. We're now instructing the district court, this is what a case looks like when you have jurisdictional over it. This is what a case looks like when you don't have jurisdictional over it. And a jurisdictional determination in a good world, there's no such thing as an ideal world, but in a good world is the jurisdictional determination can be made early on without having spent three weeks of trial in the federal district court. Yes, Your Honor. So what do we say is the test as to whether or not there's jurisdiction when the tribe claims that the groundwater allocation will have a detrimental effect on their right, might have, I mean, what do we say? You could say that is there substantial evidence in the record which supports the claim of harm to the federally decreed surface water rights. If the state engineer is applying the correct rule of law, I should not grant an application where there is harm, and the state engineer has a record and there's findings and evidence, and a protestant, in this case the tribe, then appeals that result to the federal district court and says the state engineer is wrong, either he applied the law not like the Ninth Circuit told him to when this case came back the first time, or there are clear and erroneous findings of fact that go contrary to the evidence, then the federal district court has a basis on which to exercise jurisdiction. But to say I will not look at anything if the application was for groundwater is the worst possible result. Okay. Now, that one may be the best we can do, but under the test you have just proposed, the district judge is going to have to do a fair amount of work as to whether or not there's substantial evidence. You can't just read the complaint and say there is or there isn't, because the complaint is going to say there's no substantial evidence. It will, Your Honor. There are unavoidable burdens of being the decree court with continuing jurisdiction. I can't tell you that it's so simple that it's a throwaway. Can I ask you just an informational question? Yes. I guess I'd call this. So in an abundance of caution, the tribe did file a petition for review in a local county court. Yes, Washoe County Court. Yes. And whatever happened to that case? It has been stayed pending the outcome of this appeal. And were the state engineer's decisions on the new allocations, were they also stayed? They were stayed as a result of a request by TRCC on the posting of a bond by TRCC. Everything is just in? In a holding. A holding. Correct. Okay. Why don't we hear from the other side, and then we'll give you a chance to respond. Thank you. Now, my understanding of the order in which you would like to proceed, I think we've got Mr. Waltz first. All right. May it please the Court. I'm Michael Waltz, Senior Deputy Attorney General for the State of Nevada, appearing today on behalf of the Nevada State Engineer, Tracy Taylor. Is Tracy a man's name or a woman's name? It's a man's name, Your Honor. I would also like to note for the record that Mr. Michael Galletta and Gary Kvistat, counsel for the town of Minden, who filed an amicus brief in this case, are also in the courtroom today. Okay. I will take approximately five minutes of time, and we'll leave the rest to counsel. And I believe that Mr. Colvett will be arguing first, followed by Mr. Robertson. This Court has previously held that the appellate procedures of NRS 533-450 are to be followed in both the Alpine and the Oradich cases. Those decrees do not provide for any other procedural mechanism for appeal of an administrative decision of the state engineer. Those state statutes don't really deal with federal court jurisdiction. In this case, it does, Your Honor. The case here arises as a matter of state law. This decree is an unusual creature. It was brought in federal court, but it's state law that governs the water rights as to specific And this Court has held as to specific procedures of the water code, those also govern. And this is one of those specific procedures. Well, you're talking about jurisdiction. You're talking about the power of the federal court to act. How can the state statute limit or expand federal court jurisdiction? I think looking at your recent decisions, in 2004, the recent Oradich decision, 391F3rd, in that case, what was at issue was a federal rule of civil procedure versus a specific procedural component. The rules of civil procedure are different than federal court jurisdiction. I'm talking about the power to act. It still must be found within the water law. This is an administrative decision. Is one of your arguments that the state law forecloses federal court jurisdiction? There are two possible sources for jurisdiction in this case. Well, no, I'm just answering my question. Is one of your contentions that the state statute you just gave us, that that restricts federal court jurisdiction? The power, yes. The power to appeal a decision of the state engineer has to be found within the limitations of the water code, which have been found to apply. That's a different question. That's a different issue. You said the power to where you direct your appeal. My question, again, is, is it your contention that the state statute restricts the power of the federal court to act? Well, obviously, for purposes of determining jurisdiction, no. That's why we're here, Your Honor. As to getting to the merits of this case, yes, it has to be either found within the statute or it has to be found within the water code. So why doesn't the federal court here that approved these decrees have the power, have the authority to protect the rights that flow from those decrees? The decree the decrees themselves do not identify any source of appellate jurisdiction other than the water code. And so we're left with the task of interpreting that provision. Secondly, the jurisdiction that the federal courts took in adjudicating these river systems is limited to the rights that were specifically identified. I may be able to short-circuit this, I'm hoping. I'm not sure I see a conflict between federal law governing the jurisdiction of the federal court and the Nevada statute. I'll just read you the Nevada statute, which I'm sure you know by heart. Any person feeling himself aggrieved by any order or decision of the state engineer, dot, dot, dot, may institute. But on stream systems where a decree of court has been entered, the action must be initiated in the court that entered the decree. Well, if we have someone who feels himself to be aggrieved by the decision of the state engineer and the aggrieving is, at least as felt by the person coming into court, says, this is in conflict with the decree. As I read this, you've got to come into the court that entered the decree. Boom. Therefore, you're in federal court. To the degree that there's a plausible allegation that what the state engineer did is in conflict with the decree. Is that wrong? I don't think that that is a correct reading of the statute. Okay. That statute deals with two issues. One, appealability. And if a right relates to the administration of a determined or a permitted right, which is what those sections refer to as Nevada's permitting system, then it may be appealed. The next section then goes on and states where it may be appealed to. If it is a decreed right, then it goes to the decree court. If it is a permitted right, it goes to the state district court of the county where the matters affected are located. That's a clear demarcation in the code. And what's at issue here that the tribe is trying to protect? Is it not a decree right? I think the district court was correct in concluding that you have to look at the right that the state engineer was addressing as part of his administrative process. Well, but wait a minute. It seems to me that the state engineer might have been making a mistake. I'll get to that in a moment. But what the tribe is saying is we have two senior water rights under the decree coming out of the Truckee River. And the tribe is saying the allocation of this groundwater to other people interferes with our decree rights. Now, that may or may not be true on facts. But that's what they're saying. That is what they're saying. Why, then, doesn't that come into the decree right court to figure out whether the decree has, in fact, been interfered with? I think we have to draw a distinction between appellate jurisdiction and original jurisdiction in this instance. I don't think the state engineer is taking the position that a decree court doesn't have some authority to protect the rights that are adjudicated. And courts have done that. But an appellate jurisdiction is laid out in the code, and it makes that distinction. Now, the reasons for doing so I think are pretty clear here. As the court has already noted, where does this stop and which court is going to have jurisdiction? Is it a mere allegation that creates jurisdiction? If that's the case, we have a completely unworkable standard. And, in fact, the tribe's position in this case leaves us with exactly that. Well, I may not be able to sort of get you to help me reconcile. It may be that we just retreat to what I think has to be right, that Nevada is incapable by statute of taking away jurisdiction from a federal court that would otherwise flow from the Orr-Ditch decree. I mean, Nevada can't pass a statute that says the federal court cannot have jurisdiction over any rights arising out of the Orr-Ditch decree. That's simply impossible. So to the degree that the Nevada state statute conflicts with the jurisdiction that inescapably must be exercised to implement the Orr-Ditch decree, I would put the Nevada statute to one side. Now, again, I think that would arise from the context. We have to do a lot of things, I think, to get to that point, and those have not been done here yet. Okay, but I want to pass on to another question, and you may or may not want to address it because addressing it would assume that we have jurisdiction. Your adversary started out with a quotation from the state engineer's decision that says the Orr-Ditch decree has nothing to do with groundwater, and any groundwater allocation does not, by definition, interfere with any Orr-Ditch decree rights. Is that a proper statement of the law? It perhaps overly generalizes it, but yes, since 1939, the Nevada state engineer has adjudicated groundwater and surface water separately. The Griffin decision, which has been cited by opposing counsel, is very instructive in this case. If we look at the actual facts of that case, it's almost identical to the case that we have at hand. In that case, you had applications to appropriate groundwater in a groundwater basin that was adjacent to and dominated by a federally-decreed river system. Now, in that case, the one differing fact is that the state engineer denied those applications, and they were appealed to state court. So if we accept the tribe's argument that the federal court had— Let me just read you the sentence, and you can tell me what part of it you agree or don't agree. The state engineer writes, the state engineer finds that any groundwater that may discharge to the Truckee River is not part of the surface water decreed to Protestant PLPT pursuant Orr-Ditch decree or the unappropriated surface water of the Truckee River granted to the PLPT, and the state engineer's ruling, da-da-da-da-da. Now, as I read that, it says that any groundwater coming into the Truckee River is not controlled by the decree. That's how I read that sentence. That is the state engineer's statement. Is that right or wrong as a matter of Nevada law? That's correct. And looking at the Griffin decision— Now, does that mean, then, that—and I'm not saying that happened in this case. Does that mean, then, that the state engineer can allocate enormous amounts of groundwater such that, in fact, the senior rights of the tribe under No. 1 and 2 are eliminated? No. And, in fact, that's what he—and the Griffin decision is the example of that. Well, then, this sentence seems to be wrong. You have to look at the Griffin decision factually and see what's going on. The state engineer had granted numerous rights in that groundwater basin, reached the application where it would exceed the perennial yield of the basin. And that's the mechanism that all groundwater basins—by which all groundwater basins are managed. There are different measurements of that based on the unique aspects of the basin. But that is a mechanism. In that decision, the state engineer had granted numerous applications, got to that point and said, no, now we're in danger of pulling water out of the river, water that belongs to the decree. We're going to deny it. And he would affirm in that decision. You read the engineer as saying, whether the words say that really or not, you would construe the engineer as saying that to the degree that groundwater allocations diminish decreed rights, I don't have the power to make those groundwater allocations. Right. But there is a dispute, a significant one, as to what rights belong to the river. And that's the distinction we have here. You know, in addition, the state engineer's regulations are very careful, and his rulings are very careful to make sure that there is no risk of pulling water from the river. There are setback requirements. There are lining requirements. These are all there to recognize the danger of interfering with those rights. However, the states, as I said, since 1939, it is implicitly recognized by the Nevada Supreme Court in the Griffin decision, allocates the perennial yield of those basins to be appropriated through the groundwater system. Okay. Now, the tribe – Let me ask you another question because I know the time is running. I'm sorry about that. And I'm not exactly sure to whom among you, the three of you, to address this question. I assume all of you have an interest in the answer to this question. It seems to me intuitively correct, but I've not made my mind on the question, but it seems to me intuitively correct that if a senior water right holder under the Orr-Ditch Decree, of which the tribe is one, has a right to a certain amount of water and it's senior to all the other rights in the river, and if allocation of groundwater so diminishes the flow in the river because of water that otherwise would have come in through the groundwater and the seepage and so on, that those senior rights can no longer be exercised to the extent of the allocation in the right, it seems to me that the federal court has jurisdiction to determine whether or not that's an appropriate allocation of groundwater. Do you agree or do you disagree? No, I think under that factual circumstance, as a matter of original jurisdiction, perhaps, yes, if those facts indeed showed that. The original jurisdiction? What do you mean? Or do you mean appeal? The jurisdiction for the court to act without any kind of administrative action by the state engineer. You mean like some sort of complaint for an injunction against the state for enjoying those allocations? That is a possibility, Your Honor, yes. I don't think we've ever seen that factual scenario in Nevada, and the state engineer's been very careful, but yes. If the federal court has jurisdiction to protect the senior water rights in that sense, why wouldn't it make more sense to allow that to come up as a state appeal, assuming that there's a plausible allegation that that's going on? Frivolous cases, you know, the last thing we want is to be sending cases into the federal courts that really don't belong there and there's no plausible or legitimate ground to think that, in fact, the senior water rights have been interfered with. But assuming that there is, and I'm fudging the words here, assuming there's good reason to believe that the groundwater allocation, in fact, interferes with the senior water rights in the river held by the tribe or some other senior right holder, why isn't it more efficient simply to appeal the allocation instead of requiring the instigation of an original suit? There are several points, I think, that have to be made in regards to that. First of all, it violates the concept of exclusive jurisdiction. The federal district courts have never taken jurisdiction as an original matter over groundwater. Those rights have been dealt with by the state engineer, by authority independent of the decrees, and have always been appealed to state courts. That's the first problem. Has this question ever been presented in the sense of where the allegation is that the taking of groundwater interferes with a decreed right under federal law? I mean, I understand they've never done it, but has the question ever been presented? Not that in Nevada, no, not that I'm aware of. I think that that speaks highly of the state engineer in their attempt to carefully manage these groundwater basins. I will say that Nevada is very forward-leaning in the management of groundwater and restricts the amount that can be appropriated. So it has managed to avoid that problem. Second is it creates this very difficult situation with multiple court jurisdiction and the standard by which appeals are to be judged. And difficult in the context of this case, I think, are the factual realities here. We do not have any facts that indicate that these appropriations, and I'm speaking now on the Truckee River, that these appropriations will have any impact on any decreed rights, let alone the tribe's senior priority water rights. That was one of my questions to counsel, what the allegation could potentially have. That's all it is, is an argument of potential impact. But that's because the state engineer increased the amount of perennial water that would be available in the underground water system. Which is a factual finding. Was it 6,000, whatever? Yeah, and I apologize, the number of it, he did increase that by, I believe, some 2,000 acre feet, if I recall, perhaps 3. When you did that, that basically, everything was well within. That's correct, and that's a finding of fact. And there we have the problem with appellate jurisdiction. On the one hand, you have a finder of fact whose findings are presumed to be correct, which are reviewed on a substantial evidence standard, in a court that is not authorized to take evidence or to reweigh the evidence. And yet, in order to get to jurisdiction, that's exactly what will have to be done. There has to first be a finding that the state engineer made a mistake as to the perennial yield. There's going to have to be a finding as to the actual impacts. In this case, I don't think we even have to get that far, because the most junior priority right on the river system is a state-permitted water right. Yeah, we have to go a long way before we get to the tribes' rights, I understand that. A very long way. And so, that makes it almost impossible in this case to come up with a hypothetical that would really justify the federal court taking jurisdiction. And given the standards of review, would make that practically impossible to do without a trial de novo. Okay. Now, we've started out with five, and we're up to 16 or 17 minutes, because we've questioned you. Let's let your co-counselor, or rather your associates representing other parties speak, and then we'll go from there. Good morning. May it please the Court. My name is Brent Colvett, and I represent what would probably be the real party in interest, the applicant whose water rights were granted by the state engineer and who have been challenged by the tribe in this case. And just to clarify, the state engineer took evidence on the issue of whether or not to up the perennial yield for this basin, and based on rainfall totals, all kinds of evidence respecting the perennial yield determination that he made, he increased it some. I mean, the application asked for a whole huge increase, and he reduced that down to, I think it was somewhere in the vicinity of 3,000 acre feet additional, some of which or most of which my client got. But going back to the questions that have been asked here, I wanted to address a couple of them. One is that the state statutes, which are an issue when an applicant goes forward before the state engineer, requires that the state engineer make certain findings before he can grant those rights. And one of the very first of those is whether or not those rights which he's looking at granting would impact or affect existing water rights. That would include a decreed right as well as another underground right or another senior right of any type. And so in that sense, the state engineer is tasked by state law with looking at those issues. He'd have to look at whatever senior rights were out there, be they underground or whatever. And that happens at every basin in the state of Nevada. When you have an application to appropriate water, you have to examine what other rights are out there. If there's a well next to you that's already been in existence, you cannot, under that law, grant, the state engineer cannot grant a right that would interfere with that. That's the same here. The second point is that these senior rights that are being put forward by the tribe here are decreed rights. They were created by a decree of the court. They're no different because they were done that way than they would have been if they were in a state court adjudication. Well, they're different only in the sense of what court might have jurisdiction to decide whether the state engineer was right. As it affects those rights directly would be my argument. The courts retain jurisdiction to administer the rights that he had adjudicated. If there are rights that were not in that adjudication, that court has no jurisdiction over those would be my argument, that state court would be the proper place. And I think Judge George correctly analyzed it when he said, you look at what is being applied for, and that determines your jurisdiction. In this case, they were state underground rights that were being applied for. State court should be the jurisdiction. Let me try this out on you. It seems to me that the only legitimate argument the tribe has for arguing that the federal district court, and then us, I guess, on appeal, ought to have jurisdiction here is that the state engineer has held that the amount of groundwater that may permissibly be taken out of the river will impact their decreed rights. And so long as the state engineer is right that X amount of water can be taken out of the groundwater without affecting the senior rights of the tribe, well, federal court has nothing to say about it. So anything within that overall allocation that the state engineer says can be taken out of the groundwater, whether it goes to you, whether it goes to somebody else, federal court has absolutely nothing to say about that. So it seems to me the only question that the federal court might have jurisdiction over is the overall number that the state engineer says may be taken out of the groundwater. Are you with me so far? I'm trying to follow all of that, yes. But what the tribe is really asking in this case is that they make the determination of which court they get to go to. It's sort of forum shopping for them. Well, lawyers forum shop. I understand. But the basis for that forum shopping has to be somewhere. And in this case, what they're saying is because there may be some impact, they make an allegation and a complaint. They don't have to have any showing of that. In the case that we're talking about here, for example, just to explain to you what's going on out there, the wells that are being used to appropriate or will be used to appropriate this water are some 800 feet deep. They range from a half a mile to four miles from the river. They have different water chemistry. They get different water temperatures. One of the water temperatures is something like 90 degrees. The sources of that water getting into the river haven't been established. All we have are an allegation, really, and some supposition in testimony by an expert that it might. That stretch of the river, by the way, goes up and down. It gains in certain sections. It loses in certain sections. And at the end of the day, at the end of the gauging system, there's a certain amount of water that gets to the lake. But how it gets there, what mechanism it's using, where it all goes, nobody knows for sure. What the tribe is saying is that when the state engineer makes a determination based on the best available evidence before him and makes his reasoned and best call as to the fact that there's additional water available, that we can now, by an allegation, put that in federal court because we have a federal decree, a federal decree that only created certain rights. It did not take certain rights. But they say more than that. They say it's going to affect the amount, our allocation under the decree. But there's no showing of that anywhere in the proof. Well, that's what Judge Fletcher's been trying to probe. What should they be required to show in order to be able to pursue their matter in federal court? And what I'm suggesting to you is that the state court process is the proper procedure. That will be federal. For no allegation. I mean, they could allege there's going to be a direct impact. We are not going to get the allocation under the decree. That's not good enough. They can never get into federal court. Because bear in mind, under the Newlands Act and the McCarran Act and every act that involves federal government and state water rights, they defer to the state being the law that is to govern. In this case, what happens is you have a state law which sets up a procedure for protecting senior water rights, sets up an appellate process when those senior water right holders feel that their rights are being affected. That same process applies to the tribe. If their water rights under Claims 1 and 2 are affected under the Ordage Decree, in their view, and the state engineer has taken jurisdiction of an underground water right application, they have a procedure under state law to protect their rights. They have the same appellate right that I would have as a water right holder in the state of New England. Do you agree with the state that the tribe could file a complaint, an original complaint, alleging that the state is allocating groundwater rights in a manner that has a detrimental impact on their decreed rights? I'm not sure they could file an original complaint. I'm assuming that their jurisdiction would have to be under the decree and they'd have to file some procedure through the decree court to challenge that if they thought it was directly affected. But I think you'd still have to get beyond just filing something. You'd have to meet the criteria for an injunction in federal court which shows that you have a likelihood of success on the merits and that there's a likelihood that there is. Well, I said a complaint. I mean, you know, before they get any relief, of course, they would have to meet their, you know. Exactly. I mean, they could do that if they felt strong enough in their belief, I suspect. But whether they've got the proof to sustain such a complaint is another issue. Would the federal court have jurisdiction to entertain that initial suit, that original suit? In a very, very limited circumstance, perhaps. But I think it would still go back to whatever the state engineer finding was. If the state engineer found that. But that's not on the merits. Well, in a water right application, there's going to be a merit determination by the state engineer. If he found that those particular, as he did in the Griffin case, that those water rights were going to impact the federally decreed right, he denied them. And based on that, you may argue that the federal decree court may have some jurisdiction in that. But in this case, he's found just the opposite, that these rights do not have any impact on decreed rights. Well, I think the engineers, and I won't say found because that implies fact, I think the state engineer has held, as a matter of law, that irrespective of whatever might be the influence on the flow in the Truckee River, groundwater allocations are entirely separate, and I don't have to pay any attention to any possible effect on the decreed rights. That's how I read the state engineer. I don't think he said he doesn't have to pay any attention to effect on decreed rights. What he said was, in this case, there was no impact on those, and therefore that was not an issue with his findings. If he found, as he did in Griffin, that there was an impact, he denied it. So he doesn't pay no attention, he pays attention to a senior right, whether it's decreed or another underground right sitting next to it, or wherever the decree, I mean, the senior right is based on. That's what his charge is under state law, and he's charged with enforcing it. The courts are there to back that up in the state system. The other part of it is, you asked what kind of order you write. I think you write Judge George's order, which says that you look and you look. Very straight. I mean, that's an easy order, and it should be followed. That's a very easy order to write. Okay. I would defer to the client. Just to give you a hint as to what I'm intending to do here, I want to hear from the last lawyer, who's going to be Mr. Robertson, let you respond, and then we'll take a recess, and you can sort of regroup, think a little bit, and we'll come back out, and we'll hear the state engineer case. I have a feeling we're going to be talking about exactly the same thing. Okay. Fire away. Good morning, Your Honors. Excuse me, but please, the Court. David Robertson on behalf of Cross Appellant and Appellee, TRCC. The Court has asked some fascinating questions, and I'd like to get right to them. Let's start with what we can all agree on as, I think, universal truth in this case. Number one. Now, let me understand, based on the statement we had from the beginning, are you still in this case? I am, Your Honor. And, in fact, my presence is going to emphasize a particular point that I want to make. As indicated by the tribe, we're here on the same appeal, different water rights, but the same appeal, and it is undisputed as to my client's water rights that there is no hydrologic connection, that there is no way, it's not physically possible for the removal of the groundwater from my client's aquifer to impact the river. So I stand before you as an example. I'm also asking, are you still in this case? Because, at least as I think I understood what I heard before, the tribe is saying, you know, we didn't contest, and, therefore, any appeal with respect to you is not in front of us. Didn't I hear that, or did I mishear? Well, if this Court finds that the Federal Court has jurisdiction as to the applications of these other folks, you'll be impacted, is your worry. Well, then somehow the Court is trying to exercise jurisdiction over my client's rights that have no connection to the river at all. And that highlights part of the problem with this whole jurisdictional statement mess that I think we have here. Well, I think mess is the right word. Okay. And I think we can solve this in a way that protects the interests. I think we all agree that the decree court needs to be able to protect its decree and protect the water rights under the decree and has to have jurisdiction to do that. And I think we all agree that that jurisdiction of the Federal Court trumps the State Court's ability to try to impair the senior rights of the tribe or of any of the decreed water rights. So how do we solve this problem? And I believe it's basically, it's more simple than you might think. The tribe is not deprived of a forum here if the Federal Court, if you follow Judge George's ruling. And let me explain why. The State Engineer has the obligation to not grant a groundwater application if the granting of that application will impair a right under the decree. So he has to make that analysis initially. If he does, and here he did, and he said none of these groundwater applications are going to impair either the ore ditch or later the alpine decree rights. Now if the tribe disagrees with that, which they do, they have the right to appeal that to the State Court under the State Court statute. And what happens at the State Court level? The State Court either says the State Engineer was right, there's no interference with any decreed rights. Or the State Court says the State Engineer was wrong, there was interference with the rights of the decree. If the State Court says the State Engineer was wrong, then the State Court is reversing the State Engineer and these groundwater right applications are denied, no harm to the tribe. If the State Court finds that the State Engineer was right and that there was an impact, I'm sorry, and that there was no impact on the decreed rights, then there was never any jurisdiction in federal court to begin with. Now... There was no jurisdiction, I'm sorry, you dropped your voice. There was never any jurisdiction in federal court to begin with in that case because the State Court has found that the State Engineer was correct. There was no interference with the decreed right. So the tribe has a level of protection, excuse me, at the State Engineer level. It has appeal right to the State Court. It has an appeal right from that State Court to the State Supreme Court and ultimately an appeal right to the U.S. Supreme Court from that. Protected by four levels of protection. An appeal right, which would be a certiorari right to the United States Supreme Court, is an unrealistic right. That is to say, the Supreme Court is unlikely to get down into the detail of Nevada water rights. Just a guess. And that's fair, unless there's some allegation of... I mean, some broad questions of policy the Supreme Court does get into, indeed they have with respect to Pyramid Lake, but the detail of the particular case they have no interest whatsoever. Okay. And then there's the fifth level of protection for the tribe, which is to address Judge Piazza's point. What we're talking about here is an appeal of an application. This is all experts looking and saying, what do we think will happen if this groundwater is appropriated? And they don't think it's going to affect the river. And that's their best estimate, and that's what the State Engineer determined in this case. But if you go through the process and the application is approved by the State Engineer and then confirmed by the State Court and the appropriation begins, what happens is that appropriation, in fact, does. Now that we're in reality, we see that that appropriation is taking water out of the river. That's when the tribe absolutely has the right you're referring to, Judge Piazza, to go into the Orangish Court or the Alpine Court and say, Judge George, we have proof that they are taking our senior water rights. Under your decree as a federal court judge, you have the ability to enjoin that and to stop it. And the federal court still is protected and can still do that. Okay, that's your solution. That's our solution. And finally, Your Honor, I just wanted to point out again that we have this problem that my client has no hydrologic connection at all, and it's not appropriate for the federal court to take jurisdiction of my particular client, which means if you affirm we have no problem because we all go to state court, but if you reverse, then my client is going to have to proceed in state court. The other clients would proceed in federal court. Again, we're back to the mess. We have a horrible potential for it. Although the mess may be mitigated to some degree if it goes to federal court because it seems to me that the only question that the federal court should be allowed to have jurisdiction over, even on the most optimistic assumption in favor of the tribe, is as to whether or not an overall allocation of water out of the basin will impact the senior rights or maybe a specific application will. But given how senior the rights are in the river, those cases aren't going to come up very much. Right, but if my client ends up in state court and the other client ends up in federal court, both courts will have to address this exact same question that you've raised. What's the overall allocation and was it appropriate to increase the perennial yield of the basin? And so you have the risk of inconsistent verdicts and you have to. I'm not sure you do. That is to say the federal court may have jurisdiction over that question because the question is in fact on the decree right and they've got jurisdiction. But my client has under NRS 533-450 has the right to appeal that determination to the state court as to the amount of the perennial yield as well. Okay. Thank you. Thank you. If you'd like to respond briefly, but given what I just said, you're going to be standing up again so you don't have to say everything that's in your head now. I understand, Your Honor. Thank you. First of all, of course, Mr. Robertson's client got no water from the state engineer's ruling. He was shut out because the state engineer gave all the water he gave to TRI. So that is one of the reasons the tribe has nothing much to say about TRCC. They didn't get anything. So the fact that they may have, you know, a confined aquifer that doesn't contribute to the river doesn't really matter to us because they got no water. Second, I would say that the state statute absolutely cannot confer or restrict federal jurisdiction. Mr. Robertson and I may agree on that, but I didn't hear that being so clear when we heard the comments from Mr. Colvett and Mr. Wolls. I think that is absolutely crystal clear. Finally, it is not the facts that we are here to argue about because of the posture of this case. It is the sweeping precedent that's set both by the state engineer's comment, I'm not going to take account of any harm to surface water, and the federal court's refusal to take jurisdiction if the original application was for groundwater. That's why we're here. We might win or lose when we get down to the question of the facts and the merits of the case, but we're here because those precedents are so broad and sweeping and wrong. Let me ask you one question with respect to the district. Let's assume you're in district court. Is the district court's review of the state water's, of the engineer's decision, is it for substantial evidence? On factual matters, yes. All right. So he just looks at the record. Correct. That's all he does. It's an appellate-type review. We don't bring new evidence. And suppose he says, well, he looks at the record and everything that was presented to the state water engineer and says, I find that the water engineer's determination regarding annual, increasing the perennial yield is supported by substantial evidence. If he says that, and if he says the state engineer. You guys don't belong in federal court because there's no way that these allocations are going to affect your rights. Then we've lost on the merits, and I can live with that. What I can't live with is the, I refuse to look at this case. That's what we're here for. So in your view, the only question coming in front of the district judge, if you win, is is this increase in yearly allocation something that will impact adversely your client's decreed rights? If you take both steps, in your opinion, which is to say that the state engineer is applying the wrong legal principle when he says, I take no account of harm to surface water right. If that's reversed, then we've got to go all the way back to the state engineer level to deal with this because he applied the wrong principle in his ruling in the first place. Thank you. Let's take a 10 minute recess and then we will reconvene with the same participants pretty much. Okay.
judges: Hall, Fletcher W. , Paez